# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2019

Lyle W. Cayce
Clerk

KENYON J. GARRETT,

      Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CV-784

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Kenyon J. Garrett appeals the summary judgment dismissing his medical malpractice action against the United States arising out of his father's treatment at the Overton Brooks VA Medical Center ("OBVAMC"). Garrett brought two claims based on (1) an alleged failure to obtain informed consent and (2) medical negligence. The district court granted summary judgment to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30150

the United States on both claims because Garrett failed to show any genuine issue as to the material element of causation. Specifically, the court found that Garrett offered no expert testimony on causation other than the testimony of a psychiatrist who opined only on his father's mental condition.

We review a summary judgment *de novo*, viewing the facts in the nonmovant's favor. *Estate of Sanders v. U.S.*, 736 F.3d 430, 435 (5th Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

"Under the Federal Tort Claims Act, the controlling substantive law is provided by the state where the [alleged] negligent act occurred," in this case Louisiana. *Dimitry v. U.S.*, 893 F.2d 666, 668 (5th Cir. 1989). Under Louisiana law, "[a] plaintiff can only recover damages for [an informed consent claim] if causation is proven. Causation is established only if adequate disclosure reasonably would be expected to have caused a reasonable person to decline treatment because of the disclosure." *Jackson v. State*, 938 So. 2d 699, 690 (La. 2006); *see generally* LA. REV. STAT. ANN. § 40:1157.1 (addressing standards for informed consent). With respect to a medical malpractice claim, Louisiana law requires proof (1) of the applicable standard of care, (2) that the defendant breached the standard of care, and (3) that the defendant's breach caused the plaintiff's injury. *See* LA. REV. STAT. ANN. § 9:2794. Expert testimony on breach and causation is required in circumstances where obvious negligence could not be inferred by a lay person. *See Pfiffner v. Correa*, 643 So. 2d 1228, 1233 (La. 1994) ("Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during an examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence."); *see also, e.g., Schultz v. Guoth*, 57 So. 3d 1002, 1008 (La. 2011) (under *Pfiffner*, only a

2

"case of obvious negligence . . . requires no expert testimony to prove the elements of her malpractice claim"); *Cleveland v. United States*, 457 F.3d 397, 403 (5th Cir. 2006) (explaining "[i]t is generally necessary [under Louisiana law] to use an expert witness to prove a medical malpractice claim") (internal quotes and citations omitted).

We find no error in the summary judgment. To the extent Garrett challenges whether OBVAMC obtained informed consent or was negligent in treating his father, the summary judgment record fails to demonstrate any genuine issue that OBVAMC's alleged negligence caused his father's "recurring infections, personal injury, and [ ] untimely death." Although Garrett argues on appeal that actions of OBVAMC employees were the "direct cause" of his father's premature death, he points to no expert evidence supporting that claim. Instead, Garrett offers only a psychiatrist's report on his father's mental condition and Garrett's own opinions as a registered nurse. Because this is not an obvious case in which medical negligence could be inferred by a layperson, Garrett was required under Louisiana law to prove causation through expert testimony. *Schultz*, 57 So. 3d at 1008; *Pfiffner*, 643 So.2d at 1234. Garrett failed to do so. Furthermore, we find no abuse of discretion in the district court's refusal to consider Garrett's own filings as expert opinions. *See, e.g., United States v. Clements*, 73 F.3d 1330, 1334 (5th Cir. 1996) (reviewing district court's "decision to exclude expert testimony for an abuse of discretion"); *Cleveland*, 457 F.3d at 404 & n.4 (discussing standards under Louisiana Revised Statute § 9:2794(D) for qualifying as an expert in a medical malpractice case).

The grant of summary judgment is AFFIRMED.